■ In the Matter of DWAYNE CARNEY, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [665 NYS2d 687] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, revoked petitioner's parole.

Petitioner was convicted in 1983 of the crime of robbery in the first degree in satisfaction of a multicount indictment wherein it was alleged that on five separate occasions petitioner robbed female victims at knife point, raping two of them and sexually abusing the remaining three. Petitioner was released on parole after serving approximately 12 years and 9 months of a prison sentence of 6 to 18 years. While on parole, petitioner was arrested and charged with, *inter alia*, sexual abuse and criminal possession of a weapon. These charges were dismissed after the complainant failed to testify; however, a parole revocation hearing ensued at which petitioner pleaded guilty to the charge of violating the condition of his parole release prohibiting possession of a knife. Petitioner was found guilty, his parole was revoked and he was held to serve the time remaining on his maximum prison sentence, i.e., an additional five years and three months. We confirm this determination.

Petitioner's guilty plea, which was fully supported by the violation of parole report, was sufficient to constitute substantial evidence of his guilt (*see, Matter of Montanez v New York State Div. of Parole*, 227 AD2d 753, 754, *lv denied* 88 NY2d 814). Petitioner's explanation for his admitted possession of the knife, i.e., he needed it for work and forgot to leave it there, even if credible, was unavailing given the term of his parole release which unconditionally proscribed his possession of a knife. We reject petitioner's contention that respondent abused its discretion in holding him for the remainder of his sentence.

Given petitioner's criminal history involving the commission of robbery at knife point, the imposition of a substantial penalty for his possession of a knife while on parole was not an abuse of discretion (*see, Matter of Melendez v New York State Div. of Parole*, 225 AD2d 935, 936). Petitioner's remaining contentions have been examined and found to be either without merit or unpreserved for our review.

Cardona, P. J., Mikoll, White, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.