■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE GARCIA, Appellant. [709 NYS2d 561] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered February 8, 1995, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, and order, same court and Justice, entered on or about March 26, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

Although defendant's attorney simultaneously represented, upon totally unrelated matters, two of the codefendants in the instant case, defendant has not established a significant possibility of a conflict of interest bearing a substantial relationship to or operating on the conduct of the defense (see, People v Recupero, 73 NY2d 877, 879). The disparate treatment received by the codefendants in the instant matter is explained by their disparate culpability (supra), in that it was defendant who was driving the vehicle and who was observed placing an object that turned out to be a pistol inside the console. There is no reason to believe that the disposition of the instant case,

wherein defendant appropriately accepted responsibility for his possession of the pistol, would have been any different had his attorney not represented the codefendants on unrelated cases.

Defendant knowingly, intelligently, and voluntarily waived his right to appeal, including the right to appeal from the suppression ruling. Any alleged deficiency in counsel's off-the-record explanation of the waiver was cured by the court's own detailed explanation, which defendant stated he understood (*see, People v Moissett*, 76 NY2d 909). Concur—Nardelli, J. P., Ellerin, Wallach, Saxe and Buckley, JJ.