█ In the Matter of WILLIAM BELLAMY, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [711 NYS2d 596]

—Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's parole.

Petitioner was released to parole supervision after serving a portion of the sentence imposed for his conviction of assault in the second degree. Petitioner was subsequently arrested for loitering on First Street in the City of Albany and, as a result, petitioner was charged with violating the condition of his parole which prohibited him from engaging in unlawful behavior. After petitioner was involved in a second incident on First Street, a special parole condition was imposed which prohibited petitioner from being on First Street without prior written permission from his parole officer. When petitioner was later discovered inside a First Street apartment, he was served with a supplemental violation petition charging him with violating the special parole condition.* Following a final parole revocation hearing, the charges were sustained, petitioner's parole was revoked and a hold period of 24 months was imposed. Petitioner commenced this CPLR article 78 proceeding challenging the determination.

We confirm. With respect to the charge that petitioner engaged in unlawful conduct, a certificate of conviction indicating that petitioner was convicted of loitering while under parole supervision was entered into evidence at petitioner's hearing. As for petitioner's violation of the special parole condition, petitioner's parole officer testified that petitioner knew that he was required to avoid First Street as a special condition of his parole. Despite this, a City of Albany police detective testified that petitioner was discovered inside a First Street apartment during an unrelated homicide investigation. In our view, this proof constitutes substantial evidence to support the determination revoking petitioner's parole (*see, People ex rel. Fahim v Lacy*, 266 AD2d 612, *lv denied* 94 NY2d 759; *Matter of Alexander v New York State Div. of Parole*, 236 AD2d 761), notwithstanding petitioner's contention that the parole warrant was invalid because he was illegally interrogated about the homicide without first being advised of his *Miranda* rights (*see generally, People v English*, 73 NY2d 20, 23).

Finally, under the circumstances presented here, we are not persuaded that the penalty imposed was harsh and excessive (*see, Matter of Smith v Travis*, 253 AD2d 955; *Matter of Dant-*

---

* Petitioner was also charged in a series of supplemental petitions with violating various other conditions of his parole; however, these charges were subsequently withdrawn and are not at issue in this proceeding.

*zler v Travis*, 249 AD2d 841, *lv denied* 92 NY2d 810). Petitioner's remaining contentions have been reviewed and rejected as without merit.

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.