■ In the Matter of MICHAEL McCLOUD, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [715 NYS2d 118] —Appeal from a judgment of the Supreme Court (Connor, J.), entered March 20, 2000 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole.

Petitioner is presently serving a 15-year to life prison sentence upon a 1975 conviction for murder in the second degree.[1] Petitioner was originally released from imprisonment to parole supervision in 1992 and 1995 but in both instances his parole was subsequently revoked based upon various parole violations. In August 1998, petitioner was conditionally re-released to parole supervision. Upon his release, petitioner signed special parole conditions. Thereafter, in November 1998, petitioner was charged with numerous parole violations, including charges that he violated the special conditions imposing a curfew and prohibiting him from operating a motor vehicle without the prior approval of his parole officer. At petitioner's final parole revocation hearing, petitioner appeared with

1. In 1979, petitioner received a one-year sentence for assault in the third degree and a 3½ to 7-year sentence for promoting prison contraband in the first degree after he attacked another inmate with a homemade ice pick.

counsel and entered a negotiated plea of guilty to the charge that he operated a motor vehicle without the prior approval of his parole officer, thus admitting to violating the terms and conditions of his parole. In exchange for the plea, the remaining charges were withdrawn and dismissed. Petitioner's parole was revoked and a hold period of 36 months was imposed. Petitioner commenced this CPLR article 78 proceeding challenging the determination[2] and Supreme Court dismissed the petition.

We affirm. Petitioner's guilty plea to the special condition involving motor vehicle use was sufficient to provide a rational basis for the finding of guilt as to the charged violation (*see, Matter of Carney v New York State Div. of Parole*, 244 AD2d 746). Contrary to petitioner's argument, we find nothing improper in the imposition of the 10 special parole release conditions and we note that petitioner expressly agreed to be bound by them (*see,* 9 NYCRR 8003.1 [b], [c]; 8003.2 [*l*]). Finally, while it appears that petitioner has abandoned his claim that the 36-month hold is a harsh and excessive penalty, were this issue properly before us we would find it unpersuasive given petitioner's demonstrated inability to successfully adjust to parole supervision (*see, Matter of Bellamy v New York State Div. of Parole*, 274 AD2d 871).

Petitioner's remaining contentions have been reviewed and rejected as without merit or unsupported by the record.

Cardona, P. J., Mercure, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

**2.** Respondents concede that petitioner's administrative remedies were deemed exhausted due to the failure of the Board of Parole's Appeals Unit to rule on petitioner's administrative appeal (*see, Matter of Graham v New York State Div. of Parole*, 269 AD2d 628, 629, *lv denied* 95 NY2d 753).