■ In the Matter of JOE ROBINSON, Appellant, v BRION D. TRAVIS, as Chair of the New York State Division of Parole, et al., Respondents. [743 NYS2d 330] —Appeal from a judgment of the Supreme Court (Nolan, Jr., J.), entered August 1, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was sentenced to a prison term of 20 years to life following his 1971 conviction of the crime of murder in the second degree, committed at a time when he was on parole release from a prior conviction. In March 1998, petitioner was released to parole supervision for the fourth time in six years, the previous three periods of parole release having been terminated after petitioner was found guilty of violating the conditions of his parole. Prior to his fourth parole release, petitioner again agreed to abide by specific conditions of release, including conditions concerning the use of alcohol and the operation of a motor vehicle. Nonetheless, in January 1999, petitioner was involved in a motor vehicle accident which led to his arrest on charges of driving while intoxicated and unlicenced operation of a motor vehicle. These charges were ultimately resolved by petitioner's plea of guilty of the crime of driving while intoxicated as a felony. His arrest also gave rise to charges that he had violated the conditions of his fourth release on parole.

At the parole revocation hearing that ensued, petitioner was represented by counsel and entered a negotiated plea of guilty to two violations of the terms of his parole, i.e., driving while intoxicated and consuming alcoholic beverages. His parole was revoked, he was returned to prison and a hold period of 60 months was imposed. Petitioner thereafter commenced this CPLR article 78 review proceeding. Supreme Court dismissed the petition.

Petitioner appeals, contending, inter alia, that he received ineffective assistance of counsel at the parole revocation hearing because he was represented by an attorney from the Public Defender's office who had a conflict of interest, having represented one of petitioner's codefendants at the 1971 criminal trial. Petitioner further alleges that this codefendant testified against him at trial. Petitioner's assertion is neither supported by any evidence in the record nor has he shown that his attorney's alleged representation of a codefendant at the criminal trial presented "a significant possibility of a conflict of interest bearing a substantial relationship to or operating on the

conduct of the defense" at petitioner's parole revocation hearing (*People v Garcia*, 273 AD2d 142, *lv denied* 95 NY2d 905; *see, People v Recupero*, 73 NY2d 877, 879; *People v Madsen*, 254 AD2d 152, 153, *lv denied* 92 NY2d 1035). On the contrary, the record discloses that petitioner was ably defended by counsel throughout the proceedings herein. His assertion of ineffective assistance of counsel is, accordingly, rejected.

We are also unpersuaded by petitioner's contention that the Board of Parole's imposition of the 60-month assessment period was arbitrary and capricious. In view of his acute alcoholism, petitioner argues that his parole should have been restored, enabling him to be placed in an alcohol abuse treatment program. This contention is unavailing. Petitioner has previously been ordered to attend substance abuse counseling which, regrettably, has had no discernible impact on his alcoholism. In view of petitioner's repeated failure to adjust to the constraints of parole supervision and given the risk that he poses to society during periods of release when he is apparently incapable of resisting the temptation of operating a motor vehicle while intoxicated, we deem the requirement that petitioner must wait 60 months before again applying for parole release to be appropriate (*see, Matter of McCloud v New York State Div. of Parole*, 277 AD2d 627, 628, *lv denied* 96 NY2d 702; *Matter of Bellamy v New York State Div. of Parole*, 274 AD2d 871, 872-873). Petitioner's remaining contentions have been reviewed and rejected as either without merit or unsupported by the record.

Cardona, P.J., Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.