■ In the Matter of ERIC C. ORDMANDY, Appellant, v BRION TRAVIS, as Chair of the New York State Division of Parole, Respondent. [751 NYS2d 335] —Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered January 9, 2002 in Otsego County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole and imposing a hold period of 32 months.

On January 19, 1999, petitioner was sentenced to a prison term of 2 to 6 years upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree. He was released to parole supervision in November 1999; however, approximately one year later, he was charged with violating the terms of his parole after becoming intoxicated in a tavern and then assaulting and sexually abusing a young woman. Petitioner was thereafter convicted on his plea of guilty of the crime of assault in the third degree.

In preparation for the parole revocation proceedings, it was agreed between petitioner's defense counsel and a parole revocation specialist that a 24-month hold period would be recommended to the Administrative Law Judge (hereinafter ALJ). The ALJ, however, rejected this proposal, submitting to the Board of Parole a recommended hold period of 32 months. The Board adopted this recommendation and petitioner's parole was revoked.

Thereafter, petitioner commenced this CPLR article 78 proceeding, seeking, inter alia, a reduction of his hold period from 32 to 24 months. The application was dismissed by judgment of Supreme Court. On this appeal, petitioner contends that he was denied the right to the effective assistance of counsel before the Board due to defense counsel's failure to include the ALJ in his negotiations with the parole revocation specialist which might have resulted in the ALJ's approval of a recommended hold period of 24 months.

Petitioner has not sustained the assertion that he failed to receive meaningful legal representation, a claim that requires more than a showing of disagreement with defense counsel's strategy or tactics (*see People v Rivera*, 71 NY2d 705, 708-709). As set forth in the record, the ALJ was aware that defense counsel and the parole revocation specialist had agreed to a 24-month hold period; however, he advised the parties prior to petitioner's plea of guilty to the parole violation that he had arrived at an independent determination, finding that a hold period of 32 months would be more appropriate in view of the serious nature of the conduct involved in petitioner's parole violations and his conviction of an additional crime while he was released on parole (*see Matter of Robinson v Travis*, 295 AD2d 719). In any event, the ultimate determination of the length of petitioner's hold period lay within the power of the Board. Hence, an agreement with the ALJ regarding the length of the hold period would not have guaranteed its adoption by the Board.

Petitioner's remaining contentions have been reviewed and found to lack merit.

Cardona, P.J., Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.