■ In the Matter of EDWIN RAMOS, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [752 NYS2d 159] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole and ordered him held to the maximum expiration of his sentence.

In October 1984, petitioner was convicted of manslaughter in the first degree (*People v Ramos*, 120 AD2d 552) and sentenced

to 9 to 18 years in prison. While in prison, petitioner was convicted of attempted assault in the second degree and received a prison term of 1½ to 3 years to be served consecutively to the manslaughter sentence. On December 1, 1997, petitioner was released on parole and allowed to transfer his parole supervision to Florida. Following an accusation that petitioner committed a sexual assault, he was arrested in September 1998. As a result of that criminal charge and the fact that a urine sample previously submitted by petitioner tested positive for cocaine and marihuana, a parole warrant was issued in New York. On February 1, 1999, petitioner pleaded guilty in Florida to a charge of battery and was sentenced to 143 days in prison with credit for time served.

After serving that sentence, petitioner returned to New York on the parole warrant and appeared on April 15, 1999 at a parole revocation hearing before an Administrative Law Judge (hereinafter ALJ). A prehearing conference was held resulting in a plea agreement whereby respondent added a charge to the "Violation of Release Report" that petitioner "violated rule number 8 of the conditions governing his release in that he was convicted of battery." Petitioner pleaded guilty to that charge and all remaining charges were dropped. As part of the agreement, the ALJ recommended holding petitioner for 30 months with the understanding by all parties that the Board of Parole was not bound by that recommendation. Thereafter, the Board held petitioner to the maximum expiration date, a determination confirmed by the appeals unit resulting in this CPLR article 78 proceeding challenging that determination.

Initially, we are unpersuaded by petitioner's contention that his guilty plea to the added charge "was not knowing and voluntary." The record demonstrates that petitioner, represented by counsel, was advised by the ALJ that the Board could decide to hold him beyond the recommended 30 months, asked petitioner if he understood the plea agreement along with the possible consequences, and explained that he could plead not guilty. Petitioner affirmatively stated that he understood the plea agreement and, although petitioner's attorney actually entered the guilty plea, it is apparent from the record that petitioner was present throughout the proceeding and there is no indication that he was uninformed or coerced into accepting the plea. Petitioner's guilty plea is, therefore, valid. Furthermore, contrary to petitioner's argument, the record does not support his claim that he was denied the effective assistance of counsel (*see Matter of Robinson v Travis*, 295 AD2d 719).

Turning to petitioner's various challenges to the Board's determination, we are unpersuaded that the violation finding was insufficient because respondent failed to formally introduce a certificate of conviction. Notably, at no point did petitioner dispute the existence of the Florida conviction and, in any event, his guilty plea, standing alone, is "sufficient to provide a rational basis for the finding of guilt as to the charged violation" (*Matter of McCloud v New York State Div. of Parole*, 277 AD2d 627, 628, *lv denied* 96 NY2d 702; *see Matter of Carney v New York State Div. of Parole*, 244 AD2d 746, 746). Furthermore, we find that the statement provided to him explaining the evidence relied upon and the reasons his parole was revoked was sufficient to satisfy the requirements of due process (*see People ex rel. Hacker v New York State Div. of Parole*, 228 AD2d 849, 850, *lv denied* 88 NY2d 809).

The remaining arguments raised by petitioner, including his claim that respondent failed to comply with the required appeals procedures and his contention that application of the 1997 amendments to 9 NYCRR 8005.20 (c) violated the ex post facto doctrine (*see Matter of Austin v Division of Parole*, 278 AD2d 731; *People ex rel. Persing v Lacy*, 276 AD2d 815, 816), have been examined and found to be unpersuasive.

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.