■ In the Matter of RONALD DRAYTON, Petitioner, v BRION TRAVIS, as Chair of the New York State Board of Parole, Respondent. [772 NYS2d 886]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

In 1996, after serving eight years in prison upon his 1988 conviction of three felonies, petitioner was released to parole supervision. In February 2001, he was charged with violating the conditions of his release based upon his alleged failure to abide by his curfew and to report to his parole officer after traveling outside of New York City without a written travel permit, and his alleged failure to report to his parole officer on February 5, 2001. Following the issuance of a parole warrant, petitioner was arrested in Ohio and extradited to New York. He waived his right to a preliminary hearing and a final parole revocation hearing was scheduled. In the meantime, a supplementary parole violation report was prepared charging petitioner with seven additional violations including his alleged involvement in a homicide in the City of Schenectady, Schenectady County.

At the final parole revocation hearing, petitioner pleaded guilty to the first and third charges, admitting that he traveled outside New York City without permission and failed to report

to his parole officer on February 5, 2001. The Division of Parole, in turn, agreed to withdraw the remaining charges, some with and some without prejudice and recommended that a 40-month time assessment be imposed. The Administrative Law Judge (hereinafter ALJ) revoked petitioner's parole based upon his plea of guilty and, in accordance with the Division's recommendation, imposed a time assessment of 40 months. The ALJ's decision was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

Petitioner claims that the revocation of his parole was arbitrary and capricious inasmuch as the ALJ erroneously based his decision upon misinformation, namely, the pendency of other charges in Schenectady County and petitioner's short time on parole. Upon reviewing the record, we find petitioner's argument to be without merit. The ALJ based his decision upon petitioner's guilty plea, which provided a rational basis for the revocation of parole (*see Matter of Ramos v New York State Div. of Parole*, 300 AD2d 852, 854 [2002]; *Matter of McCloud v New York State Div. of Parole*, 277 AD2d 627, 628 [2000], *lv denied* 96 NY2d 702 [2001]). The ALJ properly considered petitioner's short time on parole, since petitioner's parole had been revoked in 2000 after he was arrested and charged with two curfew violations and was restored a short time prior to the violations at issue. Therefore, we find no reason to disturb the determination at issue.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.