■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES WILLIAMS, Appellant, v MICHAEL ALLARD, as Superintendent of Franklin Correctional Facility, et al., Respondents. [798 NYS2d 153]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 18, 2004 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

In 2001, petitioner was released to parole supervision after serving a portion of a 20-year to life prison sentence imposed as the result of his 1975 conviction of, among other crimes, attempted murder. Subsequently, petitioner was charged with various parole violations, including a stabbing incident that led to his arrest. On May 23, 2002, petitioner waived his preliminary hearing and, following a series of requests for adjournments by petitioner and the Board of Parole, a final parole revocation hearing was held on December 4, 2002.

During the ensuing hearing, petitioner pleaded guilty to a single charge stemming from the stabbing incident, and the remaining charges were then dismissed. The hearing resulted in the finding that petitioner had violated the conditions of his parole and, accordingly, his parole was revoked and a 48-month time assessment was imposed. After petitioner's administrative remedies were deemed exhausted by the absence of a timely ruling on his administrative appeal (*see* 9 NYCRR 8006.4 [c]), petitioner commenced this habeas corpus proceeding challenging the determination revoking his parole. Supreme Court dismissed the petition and this appeal ensued.

Initially, petitioner's challenges to the timeliness and suffi-

ciency of the December 4, 2002 final revocation hearing are not preserved for our review given his failure to object on those grounds during the hearing (*see Matter of Stanbridge v Hammock*, 55 NY2d 661, 663 [1981]; *Matter of Currie v New York State Bd. of Parole*, 298 AD2d 805, 806 [2002]; *People ex rel. Webster v Travis*, 277 AD2d 546, 546 [2000]). In any event, we reject petitioner's contention that the final revocation hearing was untimely. Although a final revocation hearing must be held within 90 days of the probable cause determination or the petitioner's waiver of the preliminary hearing, this time limit may be extended if the petitioner, among other reasons, receives a postponement of the hearing (*see* Executive Law § 259-i [3] [d], [f] [i]; *People ex rel. Gray v Campbell*, 241 AD2d 723, 724 [1997]). Here, while the final parole revocation hearing occurred on December 4, 2002—194 days after petitioner waived his right to a preliminary hearing—119 days were attributable to petitioner's numerous requests for adjournments. Therefore, because the total delay chargeable to respondents was less than 90 days, we agree with Supreme Court that the final hearing was held within the statutorily prescribed time period (*see People ex rel. Vanderburgh v Coombe*, 102 AD2d 951 [1984]).

We are likewise unpersuaded by petitioner's contention that his counsel was ineffective in requesting these adjournments until the criminal charges underlying the revocation proceeding were finally resolved. Given the fact that certain of the underlying charges were felonies, counsel's strategy in delaying the final revocation hearing was a reasonable attempt to avoid the automatic revocation of petitioner's parole that would have resulted otherwise (*see* Executive Law § 259-i [3] [d] [i]). Inasmuch as petitioner's hindsight disagreement with counsel's tactics do not render counsel's assistance ineffective, we are satisfied that petitioner's representation was meaningful (*see People v Conway*, 263 AD2d 548, 549 [1999], *lv denied* 94 NY2d 861 [1999]).

Finally, our review of the record satisfies us that petitioner's guilty plea is valid and that a more searching inquiry into the underlying facts of the plea was not required under the circumstances (*see Matter of Ramos v New York State Div. of Parole*, 300 AD2d 852, 853 [2002]).

Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.