Michael McCLOUD, Plaintiff,

v.

**Rosanne KANE of New York State Division of Parole, Defendant.**

**No. 06 CV 3862(ADS)(AKT).**

United States District Court,
E.D. New York.

June 4, 2007.

Michael McCloud, Poughkeepsie, NY, Pro se Plaintiff.

Andrew Cuomo, State of New York, Office of the Attorney General, Mineola, NY, for the State Defendants by Assistant Attorney General Toni E. Logue.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Michael McCloud (the "plaintiff"), acting *pro se*, commenced this action against his parole officer, Rosanne Kane (the "defendant"), pursuant to 42 U.S.C. § 1983. Presently before the Court is the defendant's motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.").

## I. BACKGROUND

The following facts are derived from the complaint and from the exhibits annexed to the complaint, and are taken as true for the purpose of this motion. On November 16, 2001, the plaintiff was released from a New York State Correctional Facility to parole supervision in Suffolk County. On or about May 24, 2005, the plaintiff was transferred and assigned to a different parole office in Nassau County, and assigned to Parole Officer Bruce Ehrlich. The plaintiff was advised by Ehrlich that he was his supervising parole officer, and that "he noticed that curfew special condition was lifted up-off of [the plaintiff] a long time ago, and that there is no reason to reactivate any curfew."

On or about October 1, 2005, the plaintiff was reassigned to the defendant. "[F]rom about October 2005 to July 10, 2006, the defendant advised [the plaintiff] that there [was] no legal reason for her to reactivate any kind [sic] of curfew upon [him]."

On November 11, 2005, the plaintiff wrote a letter to the New York State Division of Parole, complaining that his parole officer was "acting outside of the scope of her official capacity" by not filing a request on his behalf recommending that he be discharged from parole, and for not taking him off "bi-monthly reporting." On May 1, 2006, the plaintiff wrote a follow up letter requesting a response to his November 11, 2005 complaint.

On July 11, 2006, the defendant imposed a curfew on the plaintiff for 10:00 p.m. to 6:00 a.m. on weekdays, and for 12:00 a.m. to 6:00 a.m. on weekends. On the same day, July 11, 2006, the plaintiff sent letters to the New York State Division of Parole and to the Executive/Senior Parole Officer of the Nassau County Parole Office complaining about the defendant. In these letters, the plaintiff complained specifically about his curfew, and states that the defendant imposed this curfew in retaliation for his prior complaint against her. On August 8, 2006, the defendant adjusted the plaintiff's curfew times to 11:00 p.m. to 7:00 a.m. for every day.

The plaintiff claims that he has a legal and constitutional right to file lawful grievances and complaints relating to the defendant's conduct as a parole officer, "without any form of retaliation(s) or reprisal(s), from the defendant." Further, the plaintiff alleges that he "filed complaint(s) relating to the defendant's conduct(s) toward [him], with NYS Division of Parole, and defendant retaliated by imposing special parole curfew that could-may result in plaintiff being detained, deprived of his liberty-freedom that will amount to grossly punitive punishment and results." The plaintiff seeks an order (1) voiding or rescinding his curfew; and (2) directing the defendant to (a) stop retaliating against him; and (b) pay the plaintiff's costs in prosecuting this litigation. Also, the plaintiff "reserve[s] his right to seek monetary relief for other damages or sufferings at a later date."

## II. DISCUSSION

### A. Legal Standards

### 1. Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all of

the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.,* 412 F.3d 103, 109 (2d Cir.2005); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999). A complaint should only be dismissed if it does not contain enough allegations of fact to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1968, 1973, 167 L.Ed.2d 929, 2007 WL 1461066, at *10, 13 (2007). Although the Supreme Court recently abrogated *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), thus abandoning the familiar "no set of facts" language used in that opinion, *Bell Atlantic,* —— U.S. ——, 127 S.Ct. 1955, 1968, 167 L.Ed.2d 929, 2007 WL 1461066, at *10, the issue to be determined remains merely whether the plaintiff should be entitled to offer evidence to support his claims, and not whether he will ultimately be successful in this lawsuit. *See King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995)).

### 2. The Plaintiff's *Pro Se* Status

The Court is mindful that the Plaintiff is proceeding *pro se* and that his submissions should be read liberally and held " 'to less stringent standards than formal pleadings drafted by lawyers.' " *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). The Court should interpret the plaintiff's papers "to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that *pro se* status "does not exempt a party from com-

pliance with relevant rules of procedural and substantive law." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983) (internal quotations and citation omitted).

### 3. Section 1983

█] Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, the plaintiff must allege conduct attributable to a person acting under state law that deprived him of a right secured by the Constitution of the United States. *Feingold v. New York,* 366 F.3d 138, 159 (2d Cir.2004) (quoting *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)); *Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993).

In this case, the plaintiff's claim is based on an alleged violation of the First Amendment to the United States Constitution, specifically, the right to petition the Government for the redress of grievances. The defendant contends that the plaintiff is alleging a violation of the Due Process Clause of the Fourteenth amendment. The Court does not necessarily agree that the complaint supports a due process claim. The plaintiff does not allege that he was deprived of a hearing or any other process prior to the imposition of the curfew. Although the plaintiff does state in his July 11, 2006 letter to the New York State Division of Parol his opinion that the defendant is acting arbitrarily and capriciously toward him, the thrust of his complaint is the defendant's alleged motive for the imposition of the curfew. The plaintiff

clearly claims that the imposition of the curfew was unlawful because it was done in retaliation for his filing complaints about the defendant. However, construing the complaint liberally, the Court will interpret the complaint as if it also alleges a due process violation.

### B. As to the Defendant's Motion to Dismiss

The defendant advances three arguments in support of its motion to dismiss the complaint: (1) the plaintiff's cause of action asserted under 42 U.S.C. § 1983 against Kane in her official capacity is barred by the Eleventh Amendment and the terms of 42 U.S.C. § 1983; (2) the complaint against the defendant Kane in her individual capacity fails to state a claim because the plaintiff has no protected liberty interest in parole, and thus the provisions of the Due Process Clause are inapplicable; and (3) the defendant Kane is entitled to qualified immunity. As an initial matter, the *pro se* plaintiff does not specify whether he is suing the defendant in her official capacity, her individual capacity, or both. The Court will liberally construe the complaint as alleging both official and individual capacity claims.

### 1. As to the Official Capacity Claims

The defendant's first argument is twofold. First, she argues that there can be no claim against her in her official capacity under 42 U.S.C. § 1983 because neither the State of New York nor its agencies are "persons" under Section 1983, and that this prohibition against suing the State or its agencies under Section 1983 carries through to State officers acting in their official capacity. Second, the defendant argues that the Eleventh Amendment bars the plaintiff's claims because New York State has not consented to suit under Section 1983.

■ The defendant is correct that state officers "acting in their official capacities" are outside the class of "persons" subject to liability under Section 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *see also Huminski v. Corsones,* 386 F.3d 116, 133 (2d Cir.2004). However, state officers sued in their official capacities are "persons" under Section 1983 in suits for injunctive or other prospective relief. *See Will,* 491 U.S. at 71 n. 10, 109 S.Ct. at 2312 n. 10 ("Of Course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the state.' ") (citations omitted); *Huminski,* 386 F.3d at 133 ("[S]tate officials can be subject to suit [under Section 1983] in their official capacities for injunctive or other prospective relief.") (citation omitted).

■ In this case the plaintiff is not seeking damages. Primarily, the plaintiff seeks an injunction lifting his curfew. The plaintiff also asks the Court to direct the defendant to "stop retaliating" against him, and to enjoin her from retaliating against him for filing this lawsuit. An order lifting the plaintiff's curfew would be prospective relief. Accordingly, the defendant's motion to dismiss the plaintiff's official capacity claims based on the "person" requirement of Section 1983 is denied.

■ Similarly, the Eleventh Amendment is no bar to the plaintiff's claims against Kane in her official capacity, because the plaintiff is only seeking prospective injunctive relief. *See Verizon Maryland, Inc. v. Public Service Comm'n of Maryland* 535 U.S. 635, 645, 122 S.Ct. 1753, 1760, 152 L.Ed.2d 871 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amend-

ment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.' "); *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir.2007) ("A plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.' ") (citation omitted); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 287 (2d Cir.2003) ("The Eleventh Amendment, however, does not preclude suits against state officers in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law."); *see also Ex Parte Young*, 209 U.S. 123, 155–56, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Morningside Supermarket Corp. v. N.Y. State Dept. of Health*, 432 F.Supp.2d 334, 339 (S.D.N.Y.2006). Accordingly, the defendant's motion to dismiss the plaintiff's "official capacity" based on Eleventh Amendment immunity is denied.

### 2. As to the Sufficiency of the Plaintiff's Claims

■ The defendant argues that the plaintiff's claims against her in her individual capacity should be dismissed because the plaintiff has no protected liberty interest in parole, and thus the Due Process Clause is inapplicable with respect to the imposition of a curfew on him. With regard to the plaintiff's liberty interest, the defendant is correct. *See Pena v. Travis*, 01 Civ. 8534, 2002 WL 31886175, at *13 (S.D.N.Y. Dec. 27, 2002) ("Because the imposition of special conditions is left to the discretion of the Board of Parole and parole officers, plaintiff does not have a protected liberty interest in being free from special conditions.") (citing 9 N.Y. Comp.

Codes R. & Regs., tit. 9, § 8003.3). Accordingly, to the extent that the plaintiff is asserting a Due Process violation against Kane in her individual or her official capacity, the complaint fails to state a claim.

■ However, as noted above, in the Court's view the allegations in the plaintiff's complaint support a First Amendment retaliation claim. The defendant's brief ignores the First Amendment implications of the plaintiff's complaint. In order to state a claim for First Amendment retaliation, the plaintiff must allege that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the defendant's decision to discipline him. *See Mount Healthy Sch. Dist. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977); *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996). Here, the plaintiff satisfied that burden.

The plaintiff alleges that he complained about his parole officer, and attached copies of his complaints to his pleading. The Second Circuit has held that retaliation against a prisoner for pursuing a grievance violates the right to petition government for the redress of grievances and is actionable under Section 1983. *See Graham*, 89 F.3d at 80; *see also Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir.1988) (citations omitted). In the Court's view, this rule should apply to parolees also. *See United States v. Polito*, 583 F.2d 48, 54 (2d Cir.1978) ("Parole is not freedom. A parolee is a convicted criminal who has been sentenced to a term of imprisonment and who has been allowed to serve a portion of that term outside prison walls."). "The right to petition government for redress of grievances—in both judicial and administrative forums—is among the most precious of the liberties safeguarded by the Bill of Rights." *Graham*, 89 F.3d at 80 (citations

and internal quotation marks omitted). Thus, the Court finds that the plaintiff satisfied the first factor by alleging that he engaged in the constitutionally protected activity of complaining about the conduct of his parole officer.

Regarding the second factor, the plaintiff alleges that his complaints motivated the defendant's imposition of a curfew on him. The plaintiff alleged a series of events from which retaliation can be plausibly inferred. *See Soto v. Iacavino*, No. 01 Civ. 5850(JSM), 2003 WL 21281762, at *2 (S.D.N.Y. June 4, 2003) (citation omitted). Liberally construed, the plaintiff has sufficiently alleged a causal connection between his constitutionally protected complaints and the imposition of a curfew on him. Thus, the plaintiff's complaint states a claim for First Amendment retaliation under Section 1983. *See Williams v. Fisher*, No. 02 Civ. 4558(LMM), 2003 WL 22170610, at *11 (S.D.N.Y. Sept. 18, 2003); *Walker v. Pataro,* No. 99–Civ–4607, 2002 WL 664040, at *6–10 (S.D.N.Y. Apr. 23, 2002). Also, the Court finds that the prospect of the imposition of a curfew could deter a parolee from complaining about his parol officer. *Williams,* 2003 WL 22170610, at *11; *Walker,* 2002 WL 664040, at *6. In sum, the plaintiff stated a claim for First Amendment retaliation.

### 3. As to Qualified Immunity

■⌐] A government employee is entitled to qualified immunity under Section 1983 where "(1) [her] actions did not violate clearly established law, or (2) it was objectively reasonable for [her] to believe that [her] actions did not violate the law." *Warren v. Keane,* 196 F.3d 330, 332 (2d Cir.1999). " 'The question is not what a lawyer would learn or intuit from researching case law, but what a reasonable person in the defendant's position should know about the constitutionality of the conduct.' " *Anderson v. Recore,* 317 F.3d 194, 197 (2d Cir.2003) (quoting *McCullough v. Wyandanch Union Free Sch. Dist.,* 187 F.3d 272, 278 (2d Cir.1999)).

The defendant argues that even if the plaintiff stated a claim under Section 1983, she is entitled to qualified immunity on the ground that it was objectively reasonable for her to believe that her act of imposing a curfew of 11:00 p.m. to 7:00 a.m. did not violate the law. In support of this argument, the defendant submits two documents entitled "Special Conditions of Release to Parole Supervision," dated October 29, 2004 and November 3, 2004 (the "2004 Special Conditions"), in which the plaintiff agreed to abide by a curfew of 7:00 p.m. to 7:00 a.m. The defendant argues that she is immune from suit because, according to the 2004 Special Conditions "the plaintiff was well aware that he could be required to have a curfew as much as from 7:00 p.m. to 7:00 a.m."

■ The Court declines to consider these extraneous documents in consideration of this motion to dismiss. In reviewing a 12(b)(6) motion, the Court must limit its considerations to those facts stated in the complaint, documents that were integral to the claims in the complaint and that the plaintiff relied upon in drafting the pleading, documents attached to the complaint as exhibits, and documents of which the Court may take judicial notice. *See Faulkner v. Beer,* 463 F.3d 130, 134–35 (2d Cir.2006); *Global Network Commc'n, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir.2006); *Leonard F. v. Israel Disc. Bank of N.Y.,* 199 F.3d 99, 107 (2d Cir.1999); *Hayden v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999). The 2004 Special Conditions, which the defendant argues were "referred to" in the complaint, do not fit into any of the categories of documents that the Court can consider. *See Global Network Commc'n, Inc.,* 458 F.3d at 156

("Clearly, not every document referred to in a complaint may be considered incorporated by reference and thus introduced by the moving party in support of a motion to dismiss.") (quoting *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988)). In any event, the Court did not find any reference to the 2004 Special Conditions in the complaint. The plaintiff did reference another document, also entitled "Special Conditions of Release to Parole Supervision." However, this document was dated May 25, 2005 and contained no curfew. The plaintiff's reference to Ehrlich's statement that the special curfew condition had been lifted is insufficient to bring the 2004 Special Conditions before the Court.

█ Were the Court to consider the 2004 Special Conditions, they would not be sufficient to grant the motion to dismiss based on qualified immunity. The defendant does not meaningfully address the specific right on which the plaintiff's claims are based, which is clearly stated in the complaint, namely, the right to file grievances about the defendant's conduct without being subject to retaliation. Having failed to discuss this right, the Court finds that the defendant did not succeed in establishing that this right was not clearly established at the time she imposed the curfew on the plaintiff, or that it was objectively reasonable for her to believe that imposing a curfew on the plaintiff because he complained about her conduct did not violate the law.

The defendant argues that the plaintiff has no claim because the 2004 Special Conditions gave her the authority to impose a curfew on the plaintiff at any time, and the fact that his prior parole officer did not enforce a curfew did not divest her of that authority. As an initial matter, the Court does not know whether the 2004 Special Conditions continued to have any effect once the later Special Conditions document containing no curfew was executed. And while there can be no doubt that a parole officer has broad discretion with respect to the conditions imposed on a parolee, it is also true that "an act in retaliation for the exercise of a constitutional right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir.1988) (citations omitted); *see also Soto*, 2003 WL 21281762, at *2 ("[O]therwise constitutional acts may be actionable if taken in retaliation for the exercise of First Amendment rights."); *Walker*, 2002 WL 664040, at *6 (" 'a claim for relief may be stated under § 1983 if otherwise routine administrative decisions are made in retaliation for the exercise of constitutionally protected rights' ") (quoting *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir.1987)).

In the present matter, the defendant may have had a valid non-retaliatory motive for imposing the curfew on the plaintiff. Indeed, the plaintiff has a history of recidivism and past parole violations. *See McCloud v. N.Y. State Div. of Parole*, 277 A.D.2d 627, 715 N.Y.S.2d 118 (3d Dep't 2000). However, the question of the defendant's motivation in this case is factual and will not be decided as a matter of law at this early stage of the proceeding. Thus, the Court finds no basis at this time to hold that the defendant is entitled to qualified immunity.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the defendant's motion to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is granted in part, and denied in part; and it is further

320

ORDERED, that the plaintiff's claims against the defendant based on a Due Process violation are dismissed; and it is further

ORDERED, that the motion to dismiss is otherwise denied; and it is further

ORDERED, that the parties are directed to contact the chambers of United States Magistrate Judge A. Kathleen Tomlinson for the purpose of setting a schedule for discovery.

SO ORDERED.