In the Matter of ARMAND JAMES, Appellant, v CHAIRMAN OF THE NEW YORK STATE BOARD OF PAROLE et al., Respondents.
[965 NYS2d 235]—

Appeal from a judgment of the Supreme Court (Elliott III, J.), entered April 18, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking his parole and imposing a delinquent time assessment.

Petitioner pleaded guilty to grand larceny in the fourth degree and received a sentence of 2 to 4 years in prison. The sentence was to be executed as a sentence of parole supervision pursuant to CPL 410.91 and petitioner was released to the Willard Drug Treatment Campus as a result. A condition of his parole was that he successfully complete the treatment program at Willard. Shortly thereafter, he was transferred to Arthurkill Correctional Facility in Richmond County to complete the program. However, he was subsequently found guilty of certain prison disciplinary violations and was removed from the program. As a result, petitioner was charged with violating the terms of his parole. Following a preliminary hearing, probable cause for the charge was found and a final revocation hearing was scheduled. At the final revocation hearing, petitioner pleaded guilty to violating his parole by failing to successfully complete the treatment program. Consequently, his parole was revoked and a 19-month delinquent time assessment was imposed. This determination was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Supreme Court ultimately dismissed the petition and this appeal ensued.

Initially, petitioner contends that his plea of guilty to the parole violation was not knowing, voluntary or intelligent. Upon our review of the record, we disagree. Petitioner was represented by counsel at the parole revocation hearing and the Administrative Law Judge explained to him the substance of the plea agreement, which he indicated that he understood. He proceeded to enter his guilty plea. Contrary to petitioner's claim, there is nothing to indicate that he was under the influence of medication or otherwise confused about the charge to which he pleaded guilty. Consequently, we find that his guilty plea is valid (see Matter of Ramos v New York State Div. of Parole, 300 AD2d 852, 853 [2002]). Likewise, there is nothing to substantiate petitioner's contention that he was denied the effective assistance of counsel as the record discloses that he received

meaningful representation (*see id.*; *Matter of Ordmandy v Travis*, 300 AD2d 713, 714 [2002]). Lastly, petitioner has failed to preserve his claim that he did not receive timely notice of the parole revocation hearing as he did not object, but rather stated at the hearing that he received proper notice (*see People ex rel. Williams v Allard*, 19 AD3d 890, 890-891 [2005]).

Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.