*954 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner’s parole.
In 1994, petitioner was convicted of rape in the first degree and sexual abuse in the first degree (two counts) and sentenced to an aggregate prison term of 10 to 20 years. Petitioner was granted release to parole supervision in 2009. Subsequently, in 2011, petitioner was charged with violating a condition of his parole that prohibited contact with minors. Following a preliminary hearing at which probable cause for the violation was found, petitioner pleaded guilty to having contact with a minor, and the Administrative Law Judge, petitioner’s counsel and the parole representative agreed to a joint recommendation for an 18-month time assessment. The Board of Parole thereafter revoked petitioner’s parole and imposed the recommended 18-month hold. This CPLR article 78 proceeding ensued.
Inasmuch as the final determination revoking petitioner’s parole was based upon his knowing and voluntary plea of guilty, petitioner’s challenge to the adequacy of the evidence supporting the determination that he violated the terms of his parole is unavailing (see Matter of Drayton v Travis, 5 AD3d 891, 892 [2004]; Matter of Fuller v Goord, 299 AD2d 849, 849 [2002], lv dismissed 100 NY2d 531 [2003]; Matter of McCloud v New York State Div. of Parole, 277 AD2d 627, 628 [2000], lv denied 96 NY2d 702 [2001]). We have considered petitioner’s remaining contentions and find them to be without merit.
Peters, P.J., Lahtinen, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.