*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 2, 2014                518554
_____

In the Matter of VINCENT
    HARRIS,
                    Appellant,

        v                                MEMORANDUM AND ORDER

ANDREA EVANS, as Chair of the
    Division of Parole,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Lahtinen, Stein, Garry and Rose, JJ.

                    _____

        Vincent Harris, Sonyea, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.

                    _____

        Appeal from a judgment of the Supreme Court (McDonough,
J.), entered February 25, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Board of Parole
revoking his parole.

        Petitioner was convicted of two counts of murder in the
second degree in 1974 and was sentenced to an aggregate prison
term of 25 years to life.  He was released to parole supervision
in 2010 and, several months later, was charged with violating the
conditions of his release in multiple respects.  Upon the
understanding that a 45-month time assessment would be imposed,
petitioner subsequently pleaded guilty to failing to notify his
parole officer of his arrest and to associating with a known
criminal.  The promised time assessment was imposed and,

following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.  Supreme Court dismissed the petition, prompting this appeal.

We affirm.  Petitioner's contentions regarding the sufficiency of the evidence underlying the determination of guilt are unpreserved and, in any event, precluded by his knowing and voluntary guilty plea (see Matter of Taylor v New York State Div. of Parole, 108 AD3d 953, 954 [2013]; Matter of Drayton v Travis, 5 AD3d 891, 892 [2004]).  Petitioner has not substantiated — and the record does not support — his claims that the Administrative Law Judge was biased (see People ex rel. Johnson v New York State Bd. of Parole, 180 AD2d 914, 916 [1992]).  Under the circumstances of this case, we agree with Supreme Court that no basis exists for disturbing the penalty imposed (see Matter of Drayton v Travis, 5 AD3d at 892; People ex rel. Brazeau v McLaughlin, 233 AD2d 724, 726 [1996], lvs denied 89 NY2d 810 [1997]).

Peters, P.J., Lahtinen, Stein, Garry and Rose, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court