*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014                517933
_____

In the Matter of DARNELL
    STEELE,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

NEW YORK STATE DIVISION OF
    PAROLE et al.,
                    Respondent.
_____

Calendar Date:  October 21, 2014

Before:  Peters, P.J., Lahtinen, Stein, Rose and Devine, JJ.

_____

        Darnell Steele, Collins, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole revoking petitioner's postrelease supervision period and imposing an 18-month hold.

        Petitioner pleaded guilty to attempted rape in the first degree and was sentenced to five years in prison, followed by five years of postrelease supervision.  After his release to postrelease supervision, petitioner was charged with violating various conditions of his release, including using cocaine and failing to complete a mandatory drug program.  He subsequently pleaded guilty to the charges with the understanding that the Administrative Law Judge would recommend an 18-month hold.  The Board of Parole thereafter revoked petitioner's postrelease

supervision period and imposed the recommended 18-month hold. This CPLR article 78 proceeding ensued.

We confirm. Contrary to petitioner's contention, his guilty plea to the postrelease supervision violations was entered knowingly, intelligently and voluntarily. The record reflects that he was represented by counsel, and the Administrative Law Judge confirmed that petitioner understood the terms and ramifications of the plea agreement (see Matter of James v Chairman of the N.Y. State Bd. of Parole, 106 AD3d 1300, 1300 [2013]; Matter of Ramos v New York State Div. of Parole, 300 AD2d 852, 853 [2002]). Further, there is no support in the record for petitioner's claim that he was denied the effective assistance of counsel (see Matter of James v Chairman of the N.Y. State Bd. of Parole, 106 AD3d at 1300-1301). Finally, petitioner's challenge to the sufficiency of the evidence supporting the Board's determination is precluded by his valid guilty plea (see Matter of Harris v Evans, 121 AD3d 1151, 1152 [2014]; Matter of Taylor v New York State Div. of Parole, 108 AD3d 953, 954 [2013]). Petitioner's remaining claims, to the extent that they are preserved for our review, have been considered and found to be without merit.

Peters, P.J., Lahtinen, Stein, Rose and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



ENTER:

Robert D. Mayberger
Clerk of the Court