Matter of Leno v Stanford (2018 NY Slip Op 06605)





Matter of Leno v Stanford


2018 NY Slip Op 06605


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018


[*1]In the Matter of ANTHONY LENO, Petitioner,
v
TINA M. STANFORD, as Chair of the Board of Parole, Respondent.

Calendar Date: August 6, 2018

Before: Garry, P.J., Lynch, Devine, Mulvey and Rumsey, JJ.


Anthony Leno, Malone, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Joseph M. Spadola of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole revoking petitioner's parole.
Petitioner, who was serving consecutive sentences following a 2009 conviction of rape in the second degree and a 2010 conviction of offering a false instrument for filing in the first degree, was released to parole supervision in November 2016. Later that month, petitioner was charged with various violations of the conditions of his release. On the day of petitioner's final revocation hearing, he sought an adjournment to retain private counsel and, when his request was denied, he stated his intention to leave the hearing. After being informed by the Administrative Law Judge (hereinafter ALJ) that the hearing would continue in his absence if he chose to leave, petitioner addressed the ALJ in a profane manner and refused to participate. Following the hearing, a number of the charges were sustained. As a result, petitioner's parole was revoked and he was ordered held until his maximum expiration date. That determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.[FN1]
We confirm. Initially, petitioner has not demonstrated that he failed to receive meaningful representation during his final revocation hearing. A mere disagreement regarding strategy or tactics does not constitute ineffective assistance of counsel (see Matter of Ordmandy v Travis, 300 AD2d 713, 714 [2002]). Although petitioner informed the ALJ that he wished to [*2]retain private counsel because assigned counsel had not sought certain evidence that she believed was irrelevant to the proceeding, petitioner had not retained private counsel and failed to demonstrate that it was necessary to relieve assigned counsel on the basis of their disagreement. Notwithstanding counsel's statement that she was uncomfortable speaking on petitioner's behalf with respect to entering a plea, she expressed on the record that she understood her obligation to represent petitioner to the best of her ability at the hearing. After the ALJ entered a plea of not guilty on petitioner's behalf, counsel cross-examined witnesses, made objections and presented a closing argument. Accordingly, we find that petitioner was afforded the effective assistance of counsel (see Matter of Partee v Stanford, 159 AD3d 1294, 1295 [2018]).
To the extent that they are preserved for our review, we have examined petitioner's remaining contentions, including his claims that the decision to hold him until his maximum expiration date was unduly harsh and that the determination flowed from bias on the part of the ALJ, and found them to lack merit.
Garry, P.J., Lynch, Devine, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Petitioner has abandoned any substantial evidence challenge by failing to raise it in his brief on appeal (see Matter of McMaster v Rodriguez, 159 AD3d 1173, 1174 [2018]).