Fred A. Dickinson, J.
Upon the foregoing papers it is ordered that this motion is disposed of as follows:
On the return of the writ, petitioner had subpoenaed one Angel Revera and respondent had moved to quash the subpoena. That motion to quash is granted in light of the following decision on the merits.
Relator, an inmate in the Green Haven Correctional Facility, contends that he is being detained therein illegally by reason of the manner in which his final parole revocation hearing was conducted and specifically, the conduct of the officers presiding at that hearing. It is urged by petitioner that his right to confrontation and full cross-examination of adverse witnesses was denied him and further that there was a failure to disclose evidence in the hands of the hearing panel and further that the decision of the board was arbitrary and capricious and the result of bias.
Petitioner was on parole in the City of Newburgh, New York, and was arrested as a parole violator.
Probable cause was found at a preliminary hearing. The final parole violation charges were sustained by the hearing panel, namely:
Charge No. 2. The parolee has been in the company of a person having a criminal record, in violation of Parole Rule 7(b) of the General Rules Governing Parole. (7 NYCRR 1915.10.)
Charge No. 4. The parolee, by his actions and associations with narcotic sellers and users, has failed to lead a law-abiding life and conduct himself as a good citizen, in violation of Parole Rule 7(a) of the General Rules Governing Parole. (7 NYCRR 1915.10.)
The court has read the transcript of the hearing held before the three members of the Parole Board.
The record is replete with incidents in which counsel for the parolee and the parole commissioners find themselves in the role of protagonists. The commissioners conducted the examination of witnesses, asking leading and suggestive questions, and when parolee’s counsel objected, the same commissioner who had posed the question ruled on its propriety. Conversely when counsel for the parolee attempted to cross-examine the same witnesses, the commissioners would direct the witness *857 not to answer or otherwise object to the question and then rule on their own objection.
Additionally, parolee’s counsel was denied access to memoranda and other writings of the witnesses for use in cross-examination. In this particular case, where the parolee was neither convicted nor indicted for any crime (that is, where there is no court record of a conviction or an indictment, standing as independent evidence of a violation of parole) the credibility of the witnesses testifying in support of the charges lodged against the parolee must weigh heavily in the determination by the hearing officers.
The Court of Appeals in holding that a parolee was entitled to representation of counsel at a revocation hearing in People ex rel. Menechino v Warden (27 NY2d 376, 382) stated "The purpose of the hearing is to afford the parolee 'an opportunity to appear * * * and explain the charges made against him’ (Correction Law, § 218; now § 212, subd 7). It is, in a very real sense, an accusatory proceeding in which the outcome — liberty or imprisonment — is dependent upon board’s factual determination as to the truth of specific allegations of misconduct. We agree with the Appellate Division in People ex rel. Coombs v La Vallee (29 AD2d 128, 131, per Bastow, J.) that, '[w]hen all the legal niceties are laid aside a proceeding to revoke parole involves the right of an individual to continue at liberty or to be imprisoned. It involves a deprivation of liberty just as much as did the original criminal action’ ”.
Meaningful representation by counsel must include the right to probe the credibility of witnesses and raise issues such as bias, prior inconsistent statements and the possible interest of the witness in the outcome of the proceeding. In the case at bar, while counsel was physically present at the revocation hearing, ostensibly complying with the mandate of Menechino (supra) the hearing officers by their actions, effectively deprived the parolee of meaningful representation of counsel.
The Supreme Court in Morrissey v Brewer (408 US 471) referred to revocation hearing as "nonadversary proceedings” and held at page 489 that a " 'neutral and detached’ hearing body” was one of the minimum requirements of due process. To term the hearing held on January 30, 1976 a "nonadversary proceeding” would call for this court to completely ignore what actually transpired as reflected in the record. It is the finding of this court that the parolee was deprived of his basic due process rights guaranteed by the Fourteenth Amendment *858 as applied by the courts to parolee revocation hearings in Morrissey v Brewer (supra), in that he was not afforded a hearing before a neutral and detached body.
It is therefore ordered that a new revocation hearing be held before commissioners different from those who presided at the prior hearing and that the parolee be given full opportunity to proceed and inquire into the credibility of witnesses who appear against him and obtain full disclosure of all the parolee’s records held by the Department of Parole and that all witnesses called to substantiate the claim of parole violation be instructed to bring with them any memoranda, minutes, or records concerning the events to which testimony will be given or to which such witnesses have testified at any prior occassion.
In requiring disclosure of the parolee’s records herein the court reserves to the hearing officers, the right to delete from such records, any matters deemed by the hearing officers to be of a confidential nature and in that connection the court defines confidential as "that which the respondent determines may jeopardize the safety of informants and witnesses or which may be destructive of a parolee’s rehabilitation” (see People ex rel. De Gaglia v New York State Bd of Parole, Sup Ct, Dutchess County, Dec. 30, 1975, Sweeney, J.).