■ In the Matter of RAINELLE CROMWELL, Petitioner, v CHARLES W. BATES, as Commissioner of the Department of Social Services of the County of Westchester, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of respondent dated December 22, 1983 which, after a hearing pursuant to section 75 of the Civil Service Law, found petitioner guilty of two specifications of misconduct and dismissed her from her employment.

Petition granted to the extent that the determination is modified, on the law, by deleting the provisions (1) finding petitioner guilty of specification No. 2, and (2) imposing the penalty. As so modified, determination confirmed, proceeding otherwise dismissed on the merits, without costs or disbursements, and matter remitted to respondent for the imposition of a penalty only as to specification No. 1.

Petitioner, formerly employed by respondent as a supervising examiner, was charged with two specifications of misconduct. As to the first specification, the evidence at the disciplinary hearing included petitioner's plea allocution at which she admitted, in open court, to having committed the crime of attempted criminal possession of a controlled substance in the fourth degree. Petitioner testified at the disciplinary hearing that, notwithstanding her plea allocution statements, she was, in fact, innocent of the criminal charge, and had pleaded guilty in order to save her fiancé from a jail sentence. Respondent was justified in disregarding petitioner's hearing testimony and crediting, instead, the admissions made during the plea. Thus, there is substantial evidence to support the finding that petitioner committed a serious crime during her tenure as a civil servant. Although not directly related to her performance at her job, this crime must certainly be regarded as misconduct within the plain meaning of the statute (see *Matter of Zazycki v City of Albany,* 94 AD2d 925).

However, a review of the record reveals no evidence whatsoever that petitioner, at an interview conducted by her supervisors, "fail[ed] to answer questions directed to [her] truthfully

and to the best of her knowledge". Although petitioner admitted that, together with her fiancé, Mr. McLeod, she had attempted to possess a narcotic, the plea allocution transcript is devoid of any factual recitation as to what actually occurred. Thus, it cannot be said that petitioner's denial, at the departmental interview, of ever having witnessed McLeod make a sale, and her denial of ever having seen cocaine in McLeod's apartment was inconsistent with her plea allocution. Her plea may have been based, for instance, upon her aiding Mr. McLeod in an attempt to buy a narcotic. There was no independent evidence adduced at the hearing that petitioner lied when she answered the specific questions put to her at the interview in the negative. Therefore, the matter is remitted to the respondent to re-impose a penalty based on specification No. 1 alone. Gibbons, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.