OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and respondent’s determination reinstated.
 

 An administrative hearing must be conducted by an unbiased Hearing Officer
 
 (see, People ex rel. Packwood v Riley,
 
 232 NY 283, 286). To establish Hearing Officer bias as a matter of fact, there must be support in the record for the bias and proof that the outcome flowed from the alleged bias
 
 (see, Matter of Warder v Board of Regents,
 
 53 NY2d 186, 197). Here, petitioner’s only "evidence” claiming bias is an unsworn memorandum asserting that the Hearing Officer was allegedly respondent’s employee. This is insufficient under
 
 Warder (supra).
 
 Lastly, to the extent petitioner now argues that the Hearing Officer’s appointment violated Civil Service Law § 72, as amended, this claim does not provide a basis for relief because it was not raised or relied upon at the agency level
 
 (see, Matter of Klapak v Blum,
 
 65 NY2d 670, 672;
 
 Matter of Seitelman v Lavine,
 
 36 NY2d 165, 170).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order re
 
 *835
 
 versed, with costs, and respondent’s determination reinstated in a memorandum.
 
 [See,
 
 74 NY2d 942.]