■ In the Matter of NAB CONSTRUCTION CORPORATION, Petitioner, v HARRISON J. GOLDIN, as Comptroller of the City of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 and Labor Law § 220 (8) to review a determi-

nation of the respondent Comptroller of the City of New York, dated June 5, 1989, which, *inter alia,* after a hearing, (1) found that the petitioner NAB Construction Corporation was vicariously liable for the willful violation by its subcontractor LAD Construction Corporation of Labor Law § 220 in failing to pay prevailing wages and benefits to 66 of its employees on a construction project for the New York City Department of Sanitation, (2) fixed the "total violation" in the principal sum of $442,523.74, together with interest through May 1989 at the rate of 16% per annum, in the amount of $137,800.45, for a total sum of $580,324.19, and (3) fixed post-determination interest at the rate of 16% per annum "from thirty (30) days of the date hereof until the date of actual payment".

Adjudged that the petition is granted, on the law, to the extent of annulling (1) the provision awarding interest in the sum of $137,800.45, and (2) the provision awarding post-determination interest at the rate of 16% per annum, the determination is otherwise confirmed, and the proceeding is otherwise dismissed, without costs or disbursements, and the matter is remitted to the respondent Comptroller of the City of New York to recompute the amount of interest in accordance herewith.

Labor Law § 220 (8) provides that an order of the appropriate "fiscal officer" directing "payment of wages or supplements * * * found to be due", shall include interest. The record indicates that the then Comptroller of the City of New York in his "Order and Determination", adopted the Hearing Examiner's conclusion that Labor Law § 220 (8) "requires the assessment of interest, at the rate prescribed by the superintendent of banks, pursuant to Section 14-a of the Banking Law, from the date of underpayment to the date of payment [and] [t]he rate so prescribed is 16%". In so concluding, the Comptroller was apparently relying on Labor Law § 220 (8) as amended by the Legislature in 1985 *(see,* L 1985, ch 137). However, that amendment was only effective as to public works contracts sent out to bid "on or after" January 1, 1986 (L 1985, ch 137, § 11). It is undisputed that the instant contract was sent out to bid on or about May 14, 1985. Moreover, prior to its amendment in 1985, Labor Law § 220 (8) provided that (1) interest would be at "a rate not less than six per centum per year and not more than the rate of interest then in effect as prescribed by the superintendent of banks pursuant to section fourteen-a of the banking law per annum from the date of the underpayment to the date of the payment" (Labor Law former § 220 [8]), and (2) in determining the

rate of interest to be imposed the "fiscal officer shall consider the size of the employer's business, the good faith of the employer, the gravity of the violation, the history of previous violations and the failure to comply with recordkeeping or other non wage-requirements" (Labor Law former § 220 [8]). Accordingly, the matter must be remitted to the Comptroller to recompute the amount of interest owed in accordance with the former statutory guidelines.

With respect to the petitioner's remaining arguments, we note that, with but one exception, they are unpreserved for our review since they were not raised before the Comptroller (see, Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833, 834, amended on other grounds 74 NY2d 942; Matter of Hennekens v State Tax Commn., 114 AD2d 599, 600), and are, in any event, without merit (see, Matter of Tap Elec. Contr. Serv. v Hartnett, 156 AD2d 612, 613-614, mod on other grounds 76 NY2d 164; Matter of Taj Airconditioning & Refrig. Co. v Goldin, 158 AD2d 350, 351). Mangano, P. J., Bracken, Lawrence and Miller, JJ., concur.