■ In the Matter of Alex De Stefano, Petitioner, v Village of Port Chester, Respondent. [622 NYS2d 75] —Proceeding pursuant to CPLR article 78 and Civil Service Law § 75, to review a determination of the Board of Trustees of the Village of Port Chester, dated June 21, 1993, which, after a hearing, confirmed the factual findings of a Hearing Officer that the petitioner was absent from work without authorization and terminated the petitioner's employment.

Adjudged that the determination is confirmed and the proceeding is dismissed, on the merits, with costs.

The petitioner, a sanitation worker employed by the Village of Port Chester, was absent from work on 22 days between August 26, 1991, and February 8, 1993. After a hearing, the Hearing Officer found that the absences were unauthorized

and he recommended termination of the petitioner's employment. By resolution dated May 24, 1993, the Board of Trustees of the Village of Port Chester (hereinafter the Board), confirmed the Hearing Officer's findings and accepted his recommendation that the petitioner's employment be terminated. On June 21, 1993, a post-termination hearing was held before the Board. After the post-termination hearing, the Board adhered to its prior resolution and found that the termination of the petitioner's employment was proper under the circumstances.

The determination of the Board that the petitioner's absences were unauthorized and terminating his employment, was supported by substantial evidence (see, People ex rel. Vega v Smith, 66 NY2d 130; Matter of Purdy v Kreisberg, 47 NY2d 354, 358; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179; Matter of Foust v Village of Port Chester, 211 AD2d 717 [decided herewith]; Matter of Telesco v Village of Port Chester, 211 AD2d 723 [decided herewith]).

The petitioner's remaining contentions are either unpreserved for appellate review or without merit (see, Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833, 834; Matter of NAB Constr. Corp. v Goldin, 175 AD2d 245; Matter of Hennekens v State Tax Commn., 114 AD2d 599). Rosenblatt, J. P., Altman, Friedmann and Florio, JJ., concur.