■ In the Matter of ALGERNON FOUST, Petitioner, v VILLAGE OF PORT CHESTER, Respondent. [622 NYS2d 76] —Proceeding pursuant to CPLR article 78 and Civil Service Law § 75 to review a determination of the Board of Trustees of the Village of Port Chester, dated June 21, 1993, which, after a post-termination hearing, confirmed the factual findings of a Hearing Officer, dated April 6, 1993, that the petitioner was absent from work without authorization and terminated his employment.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, a sanitation worker employed by the Village of Port Chester, failed to report for work on 17 occasions between January 15, 1992, and January 22, 1993. After a hearing, the Hearing Officer found that the absences were unexcused. The Hearing Officer recommended that the petitioner's employment be terminated. By resolution dated May 24, 1993, the Board of Trustees of the Village of Port Chester (hereinafter the Board), confirmed the Hearing Officer's find-

ings and accepted his recommendation that the petitioner's employment be terminated. On June 21, 1993, a post-termination hearing was held before the Board. After the post-termination hearing, the Board adhered to its prior resolution and found that the petitioner's employment was properly terminated based upon his repeated unexcused absences.

Contrary to the petitioner's contention, the determination of the Board was supported by substantial evidence (see, People ex rel. Vega v Smith, 66 NY2d 130; Matter of Purdy v Kreisberg, 47 NY2d 354, 358; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179; Matter of Telesco v Village of Port Chester, 211 AD2d 723 [decided herewith]; Matter of De Stefano v Village of Port Chester, 211 AD2d 716 [decided herewith]).

Under the circumstances of this case, the termination of the petitioner's employment was not so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Butterly & Green v Lomenzo, 36 NY2d 250, 255; Matter of Berenhaus v Ward, 70 NY2d 436, 445). Therefore, the determination of the Board should not be disturbed.

The petitioner's remaining contentions are unpreserved for appellate review (see, Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833, 834; Matter of NAB Constr. Corp. v Goldin, 175 AD2d 245; Matter of Hennekens v State Tax Commn., 114 AD2d 599). In any event, those contentions are without merit. Rosenblatt, J. P., Altman, Friedmann and Florio, JJ., concur.