■ In the Matter of DAVID TELESCO, Petitioner, v VILLAGE OF PORT CHESTER, Respondent. [622 NYS2d 78] —Proceeding pursuant to CPLR article 78 and Civil Service Law § 75 to review a determination of the Board of Trustees of the Village of Port Chester, dated June 21, 1993, which, after a post-termination hearing, confirmed the factual findings of a Hearing Officer that the petitioner was guilty of misconduct and had been absent from work without authorization, and terminated his employment.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, a sanitation worker employed by the Village of Port Chester, was convicted of attempted criminal sale of a controlled substance in the third degree on September 12, 1990. The petitioner failed to report for work on March 15 and March 19, 1993, and also failed to report for work on March 23, 1993, after having been directed to report to work. After a

hearing, the Hearing Officer found that the absences were unauthorized, that the conviction constituted misconduct, and he recommended that the petitioner's employment be terminated. By resolution dated May 24, 1993, the Board of Trustees of the Village of Port Chester (hereinafter the Board), confirmed the Hearing Officer's findings and accepted his recommendation that the petitioner's employment be terminated. On June 21, 1993, a post-termination hearing was held before the Board. After the hearing, the Board adhered to its prior resolution and found that the termination of the petitioner's employment was proper under the circumstances.

Contrary to the petitioner's contention, his conviction for attempted criminal sale of a controlled substance in the third degree constituted misconduct (see, Matter of Cromwell v Bates, 105 AD2d 699). The determination that the petitioner's absences were unauthorized was also supported by substantial evidence (see, People ex rel. Vega v Smith, 66 NY2d 130; Matter of Purdy v Kreisberg, 47 NY2d 354, 358; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179; Matter of Foust v Village of Port Chester, 211 AD2d 717 [decided herewith]; Matter of De Stefano v Village of Port Chester, 211 AD2d 716 [decided herewith]).

Under the circumstances, the termination of petitioner's employment was not so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Butterly & Green v Lomenzo, 36 NY2d 250, 255; Matter of Berenhaus v Ward, 70 NY2d 436, 445). Therefore, the determination of the Board should not be disturbed.

The petitioner's remaining contentions are unpreserved for appellate review (see, Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833, 834; Matter of NAB Constr. Corp. v Goldin, 175 AD2d 245; Matter of Hennekens v State Tax Commn., 114 AD2d 599). In any event, those contentions are without merit. Rosenblatt, J. P., Altman, Friedmann and Florio, JJ., concur.