In the Matter of MILTON FURTADO, Petitioner, v MICHAEL D. ISRAEL et al., Respondents. [854 NYS2d 434]—

The petitioner was employed as a respiratory therapist at the respondent Westchester County Health Care Corporation. He was charged with misconduct pursuant to Civil Service Law § 75 after he pleaded guilty to attempted patronization of a prostitute under the age of 14 (*see* Penal Law § 230.05). At a hearing, the respondents presented testimony from the vice-president of patient care, who stated that she questioned the petitioner after she observed a television broadcast indicating that he had been arrested for soliciting a minor, and that the petitioner admitted that he had been arrested. Further, the respondents submitted a copy of plea minutes from a proceeding before the Peekskill City Court, during which the petitioner admitted that he had offered to engage in sexual intercourse and sexual activity with a 13-year-old girl for money. The Hearing Officer sustained the charge and recommended that the

petitioner be terminated from his employment, noting, inter alia, that his duties could bring him into unsupervised contact with minors. Upon the Hearing Officer's recommendation, the respondent Michael D. Israel, in his capacity as President and CEO of the Westchester County Health Care Corporation, determined that the petitioner was guilty of misconduct and terminated his employment. The petitioner commenced this proceeding pursuant to CPLR article 78 to challenge that determination. We confirm.

The determination that the petitioner engaged in misconduct is supported by substantial evidence in the record (*see Matter of Telesco v Village of Port Chester*, 211 AD2d 723 [1995]; *Matter of Cromwell v Bates*, 105 AD2d 699 [1984]). Under the circumstances presented, the penalty of termination was not so disproportionate to the offense committed as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]).

The petitioner's remaining contentions are without merit. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.