In the Matter of STANLEY MOORE, Petitioner, v GEORGE B. ALEXANDER, as Chair of the New York State Division of Parole, Respondent. [861 NYS2d 473]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole revoking petitioner's parole.

As a condition of petitioner's release to parole supervision, initially imposed by his first parole officer and then reimposed by his second parole officer, Nancy Coll, he was instructed to have "no contact" with his girlfriend or her children. Petitioner was ultimately charged with violating this condition based upon telephone calls and an alleged appearance at his girlfriend's

apartment. At the conclusion of the final parole revocation hearing, an Administrative Law Judge (hereinafter ALJ) sustained the two charges arising from these violations of the no contact condition and recommended that his release be revoked for 24 months.[1] Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.[2]

We find merit in petitioner's claim that his final revocation hearing did not satisfy the requirements of due process. While not invoking the full panoply of rights due a defendant in a criminal trial, a parolee must be afforded certain basic procedural protections during a parole revocation hearing (see *Morrissey v Brewer*, 408 US 471, 480-484 [1972]). At a parole revocation hearing, "the minimum requirements of due process . . . include . . . a 'neutral and detached' hearing body" (*id.* at 488-489). Upon review of the transcript of petitioner's revocation hearing, we conclude that petitioner was deprived of this right.

At the time of the final revocation hearing, charge one alleged that petitioner violated the no contact condition of his release based upon repeated telephone calls to his girlfriend.[3] While Coll was testifying during presentation of the Division of Parole's case-in-chief, the ALJ requested the telephone records concerning charge one. In response, the Division informed him that "[it] was not going to enter those bills because [it] did speak to [petitioner's previous parole officer] and he did indicate that he did tell [petitioner] that he could have telephone contact and [Coll's] special condition was not specific in that it did not say he could not have phone contact, so that's why [it] was not going to bring those particular records" and further stated that, "going by what the former parole officer had stated, [it] just didn't want to go on the issue in any way." However, the ALJ

**1.** Due to the correction of inaccurate information contained in petitioner's file regarding his role in the underlying crime (*Matter of Moore v Travis*, 51 AD3d 1180 [2008]), petitioner's time assessment was later reduced to 18 months.

Additionally, we note that, although petitioner has since completed serving the delinquent time assessment and has been released, this proceeding is not moot (see *Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834 [1983]).

**2.** Although petitioner is correct in his assertion that this case was improperly transferred to this Court (see CPLR 7804 [g]), we nevertheless retain jurisdiction and address the matter in the interest of judicial economy (*see Matter of Bowes v Dennison*, 20 AD3d 845, 846 n [2005]).

**3.** The conduct underlying both charges one and two was originally contained within charge one, but petitioner's August 18, 2006 visit to his girlfriend's apartment was later made the subject of charge two, while petitioner's telephone calls to his girlfriend remained the basis of the first charge.

thereafter extensively questioned Coll about petitioner's telephone contact with his girlfriend and admitted the phone records sua sponte. Notably, by his sua sponte admission of the telephone records and his extended questioning of Coll, the ALJ himself elicited most of the evidence upon which he later relied in sustaining charge one.

In our view, the conduct of the ALJ at petitioner's final revocation hearing—both in forcing the Division to proceed with a charge that it wanted to abandon and in crossing the line between factfinder and advocate—was not that of a " 'neutral and detached' hearing body" (*id.* at 489). As such, petitioner was deprived of his constitutionally guaranteed due process rights (*see People ex rel. Garcia v New York State Bd. of Parole*, 87 Misc 2d 855, 856-858 [1976]; *Rastelli v Warden, Metro. Correctional Ctr., N.Y., N.Y.*, 622 F Supp 1387, 1395-1396 [SD NY 1985]), and petitioner's violation pursuant to charge one must be reversed.

Turning to the second sustained charge, it is clear that the violation of petitioner's due process rights under both the Federal and State Constitutions (*see* US Const 5th, 14th Amends; NY Const, art I, § 6) at the revocation hearing amounted to constitutional error. However, inasmuch as the uncontradicted testimony of petitioner's girlfriend and his parole officer establish that he was at his girlfriend's apartment on August 18, 2006 in violation of the express terms of condition 13 of his release, and that, upon testifying at the hearing, petitioner did not deny or dispute this evidence, we find that the evidence supporting charge two was overwhelming. Consequently, we find that "there is no reasonable possibility that the error might have contributed to" the determination sustaining charge two and the violation of petitioner's due process rights is therefore harmless error with respect to the second charge (*People v Crimmins*, 36 NY2d 230, 237 [1975]). Accordingly, we confirm the determination on that charge.

Additionally, while the determination of the length of petitioner's delinquent time assessment was undoubtedly affected by the improper finding of a violation pursuant to charge one, inasmuch as petitioner has already completed serving the assessed time and has been released, we need not remit the matter for reconsideration of the appropriate time assessment (*see Matter of Mosley v Dennison*, 30 AD3d 975, 977 [2006], *lv denied* 7 NY3d 712 [2006]).

Petitioner's remaining contentions—including that the addition of the second charge after his preliminary hearing was done in violation of his due process rights (*see Matter of*

*Poladian v Travis*, 8 AD3d 770, 770-771 [2004]) and that he did not receive the effective assistance of counsel (*see People ex rel. Williams v Allard*, 19 AD3d 890, 891 [2005])—have been reviewed and found to be either unpreserved or without merit.

Mercure, J.P., Spain, Kavanagh and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as sustained charge one, and, as so modified, confirmed.