■ In the Matter of GAETANO SALVADORE et al., Petitioners, v NEW YORK CITY LOFT BOARD et al., Respondents. [913 NYS2d 69]—

Determination of respondent New York City Loft Board, dated April 23, 2009, to the extent it denied petitioners' application for reconsideration of an order, dated September 18, 2008, which, after a fact-finding hearing, recalculated rent overcharge awards to petitioners whose units were found to be covered by the Loft Law and determined that a zoning change in 2005 did not result in coverage for unit 10 (leased to petitioner Bonafede) under the 1982 Loft Law, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Michael D. Stallman, J.], entered December 10, 2009), dismissed, without costs.

The Loft Board rationally, and in accordance with its own precedent, calculated the amount of petitioners' overcharge claim by subtracting the total amount of rent paid during the period under review from the aggregate amount of the maximum legal rent for the period. It did not purport to resolve the landlord's claims for unpaid rent, and it was not shown to have relied on any documents submitted after the record was closed.

The Loft Board also acted rationally, and consistently with the language and legislative history of the Loft Law (Multiple Dwelling Law art 7-C), in rejecting petitioners' claim that a 2005 amendment to the New York City zoning laws rendered unit 10 subject to the Loft Law as originally enacted in 1982 (L 1982, ch 349, § 1; Multiple Dwelling Law § 280 *et seq.*). Recognizing "the important impact that those in the creative arts have on the cultural and economic life of New York City and the need for the protection of loft space suitable for their working and living purposes," the 1982 Loft Law was intended to "take a 'snap shot' of those people eligible for protection" at the time (Mem of Legis Rep of City of NY, 1982 McKinney's Session Laws of NY, at 2484, quoted in *Wolinsky v Kee Yip Realty Corp.*, 2 NY3d 487, 492 [2004]). The Loft Law has been extended to other buildings through subsequent enactments opening limited window periods with specific eligibility requirements (Multiple Dwelling Law § 281 [4], [5]). The Loft Board rationally interpreted section 281 (1) and (2) as extending coverage only to buildings and units that met all the criteria of those sections during the window period defined by the statute, i.e., April 1, 1980 to December 1, 1981, and not extending coverage to buildings in areas subsequently rezoned to permit residential use, except those located in areas that were designated as "study areas" at the time of enactment (Multiple Dwelling Law § 281 [2] [i], [iii]; [1] [i]-[iii]). The 2005 zoning change, which permits residential use in the area in which the subject building is located, may result in unit 10's being covered under other rent regulation laws, and the unit may be covered under a more recent amendment to the Loft Law (Multiple Dwelling Law § 281 [5]; *see generally Wolinsky*, 2 NY3d at 487). However, we conclude that the zoning change does not result in coverage under the Loft Law as of 1982. Concur—Gonzalez, P.J., Saxe, Catterson, Acosta and Manzanet-Daniels, JJ.