# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1159**

**KAH 13-00122**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
DARRELL G. CLINTON, PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (ADAM W. KOCH OF COUNSEL),
FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered July 13, 2012 in a habeas corpus proceeding. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum:  On appeal from a judgment denying his petition for a writ of habeas corpus, petitioner, an inmate serving an indeterminate term of imprisonment of eight years to life, contends that he is entitled to immediate release because he never received a written decision from a parole commissioner revoking his release following his parole revocation hearing in 2006.  More specifically, petitioner contends that the determination of the Administrative Law Judge (ALJ) who presided over the hearing was merely a recommendation that had to be confirmed by a commissioner.  We reject that contention.  Pursuant to Executive Law § 259-i (3), the ALJ, upon finding that petitioner violated the conditions of his parole, was authorized to "direct [petitioner's] reincarceration and fix a date for consideration by the board for re-release" (§ 259-i [3] [f] [x] [C]).  In fact, as respondent points out, the Parole Board lacked the authority to consider the ALJ's determination to be a mere recommendation, and the ALJ's written determination was final when petitioner received it (*see Matter of Mayfield v Evans*, 93 AD3d 98, 102-107).

Entered:  November 8, 2013                          Frances E. Cafarell
                                                    Clerk of the Court