■ In the Matter of RAFAEL RODRIGUEZ, Petitioner, v ANTHONY ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [993 NYS2d 234]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered February 26, 2014) to review

a determination of respondent. The determination revoked the parole of petitioner.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his parole release and remanding him to serve the remainder of his sentence. We note at the outset that Supreme Court erred in transferring the matter to this Court inasmuch as petitioner does not allege that the determination is not supported by substantial evidence (*see* CPLR 7804 [g]). We nevertheless review the merits of the petition in the interest of judicial economy (*see Matter of Moulden v Coughlin*, 210 AD2d 997, 997 [1994]). We reject petitioner's contention that he was deprived of due process based upon the alleged bias of the Hearing Officer. Indeed, "[t]here is no support in the record for the contention of petitioner that the Hearing Officer's determination was influenced by any alleged bias against [him]" (*Matter of Edwards v Fischer*, 87 AD3d 1328, 1329 [2011]; *see generally Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834 [1989], *mot to amend remittitur granted* 74 NY2d 942 [1989]). We also reject petitioner's contention that the Hearing Officer usurped the role of the prosecution, thereby depriving him of due process (*cf. Matter of Moore v Alexander*, 53 AD3d 747, 748-749 [2008], *lv denied* 11 NY3d 710 [2008]). Contrary to petitioner's further contention, the Hearing Officer, rather than a member of the Parole Board, properly determined the penalty in accordance with Executive Law § 259-i (3) (*see Matter of Mayfield v Evans*, 93 AD3d 98, 102-107 [2012]; *see also People ex rel. Clinton v Fischer*, 111 AD3d 1360, 1361 [2013]). Present—Scudder, P.J., Centra, Carni, Lindley and Whalen, JJ.