# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

930

TP 14-00415

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF RAFAEL RODRIGUEZ, PETITIONER,

V                                                                    MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Wyoming County [Michael M.
Mohun, A.J.], entered February 26, 2014) to review a determination of
respondent. The determination revoked the parole of petitioner.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination revoking his parole release and
remanding him to serve the remainder of his sentence. We note at the
outset that Supreme Court erred in transferring the matter to this
Court inasmuch as petitioner does not allege that the determination is
not supported by substantial evidence (*see* CPLR 7804 [g]). We
nevertheless review the merits of the petition in the interest of
judicial economy (*see Matter of Moulden v Coughlin*, 210 AD2d 997,
997). We reject petitioner's contention that he was deprived of due
process based upon the alleged bias of the Hearing Officer. Indeed,
"[t]here is no support in the record for the contention of petitioner
that the Hearing Officer's determination was influenced by any alleged
bias against [him]" (*Matter of Edwards v Fischer*, 87 AD3d 1328, 1329;
*see generally Matter of Hughes v Suffolk County Dept. of Civ. Serv.*,
74 NY2d 833, 834, *mot to amend remittitur granted* 74 NY2d 942). We
also reject petitioner's contention that the Hearing Officer usurped
the role of the prosecution, thereby depriving him of due process (*cf.
Matter of Moore v Alexander*, 53 AD3d 747, 748-749, *lv denied* 11 NY3d
710). Contrary to petitioner's further contention, the Hearing
Officer, rather than a member of the Parole Board, properly determined
the penalty in accordance with Executive Law § 259-i (3) (*see Matter*

*of Mayfield v Evans*, 93 AD3d 98, 102-107; *see also People ex rel.*
*Clinton v Fischer*, 111 AD3d 1360, 1361).

Entered:  September 26, 2014                         Frances E. Cafarell
                                                    Clerk of the Court