Matter of Nazor v New York City Loft Bd. (2020 NY Slip Op 00555)





Matter of Nazor v New York City Loft Bd.


2020 NY Slip Op 00555


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Friedman, J.P., Webber, Kern, González, JJ.


159870/18 -100207/08 -10911NA 10911N 10910A 10910

[*1] In re Maria Nazor, et al., Petitioners,
v
New York City Loft Board, et al., Respondents.
Mushlam, Inc., Plaintiff-Respondent,
v
Maria Nazor, et al., Defendants-Appellants.


Warshaw Burstein, LLP, New York (Bruce H. Wiener of counsel), for petitioners/appellants.
Georgia M. Pestana, Acting Corporation Counsel, New York (Zachary S. Shapiro of counsel), for New York City Loft Board, respondent.
Belkin Burden Wenig & Goldman, LLP, New York (Magda L. Cruz of counsel), for Sydney Sol Group, Ltd., and Mushlam, Inc., respondents.



Determinations of respondent New York City Loft Board, dated April 20, 2017, and September 20, 2018, denying petitioner tenants' application for Loft Law coverage for their units under Multiple Dwelling Law (MDL) article 7-C and their application for reconsideration of that determination, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Barbara Jaffe, J.], entered May 16, 2019), dismissed, without costs. Orders, same court and Justice, entered February 23, 2018, and October 18, 2018, which, insofar as appealed from as limited by the briefs, severed the parties' claims and counterclaims related to rent and use and occupancy and referred them for a nonjury trial, and granted plaintiff landlord's motion to renew its motion for summary judgment on its ejectment claim, and, upon renewal, granted the motion for summary judgment, unanimously affirmed, without costs.
The Loft Board's determination in the article 78 proceeding that tenants failed to meet their burden of showing that their units are covered under the Loft Law is supported by substantial evidence that neither petitioner Mickle nor respondent landlord's principal, Shimon Milul, resided in the subject building for 12 consecutive months during the relevant Loft Law "window period" from January 1, 2008, to December 31, 2009 (see MDL § 281[5][a]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]; Matter of Halo v New York City Loft Bd., 300 AD2d 77, 77 [1st Dept 2002]). To the extent tenants cite evidence that might have supported a different outcome, we may not weigh the evidence or reject the credibility determinations of the administrative law judge who presided over the hearing and of the Loft Board (see Matter of Collins v Codd, 38 NY2d 269, 270-271 [1976]).
Further, the coverage determination was not affected by an error of law. There is no basis for applying the doctrine of collateral estoppel to preclude landlord from denying that Mickle and [*2]Milul resided in the building (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]; Gilberg v Barbieri, 53 NY2d 285, 291 [1981]). Supreme Court's statement about Milul's use of a fifth-floor loft space as a pied-a-terre was not necessary to the interim use and occupancy (U & O) issues adjudicated in the court's July 2012 order. Nor, given petitioner Nazor's undisputed residence on the fourth floor, was it strictly necessary for the court to reach the issue of whether Mickle resided there. Moreover, given that Mickle had not yet disclosed the fact that he rented the bedroom in a one-bedroom apartment on 14th Street beginning in about 2004, landlord cannot be said to have had a "full and fair opportunity" to litigate the issue of Mickle's residence in the interim U & O hearing.
There is no basis for applying the doctrine of judicial estoppel to certain other statements, given, among other things, Mickle's failure to disclose the 14th Street apartment (see Matter of Charles v Charles, 296 AD2d 547, 550 [2d Dept 2002]).
Viewed as a whole, the Loft Board's well reasoned coverage determination makes it clear that the Board applied the correct residence standard in assessing whether tenants established coverage. Tenant's argument that either the ALJ or the Loft Board was affected by bias is not supported by the record (see Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833 [1989]).
The Loft Board providently exercised its discretion in denying tenants' reconsideration application (see 29 RCNY 1-07[b]).
The pendency of a number of Loft Law-related coverage applications — including a second reconsideration application made to the Loft Board and a new coverage application made pursuant to the July 2019 Loft Law amendments (see MDL § 281[6][c]) — does not render the October 2018 order granting plaintiff summary judgment on its ejection claim premature. Those coverage applications are outside the administrative record before us (see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]). Moreover, the instant determination of tenants' rights under the 2010 Loft Law is independent from their application for coverage under the 2019 Loft Law (see L 2019, ch 41, § 10; Matter of Salvadore v New York City Loft Bd., 79 AD3d 488, 489 [1st Dept 2010]).
The defenses raised by tenants do not affect landlord's claim for ejectment and were therefore properly severed and referred for a nonjury trial.
Finally, we find that Supreme Court providently exercised its discretion in entertaining landlord's renewal motion, notwithstanding the lack of strict compliance with CPLR 2214(c) (see Biscone v JetBlue Airways Corp., 103 AD3d 158, 178 [2d Dept 2012], appeal dismissed 20 NY3d 1084 [2013]). Tenants failed to show that they were prejudiced by landlord's submission or that the papers were otherwise not sufficient for the court's consideration of the questions involved.
We have considered tenants' remaining contentions, both as to the Loft Board determinations and the severance and ejectment orders, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK