Mushlam, Inc. v Nazor (2022 NY Slip Op 05502)

Mushlam, Inc. v Nazor

2022 NY Slip Op 05502

Decided on October 04, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 04, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 100207/08 Appeal No. 16331 Case No. 2021-04189 

[*1]Mushlam, Inc., Plaintiff-Appellant,
v
Marie Nazor, Also Known as Maria Nazor et al., Defendants-Respondents, "John Doe," et al., Defendants.

Kucker Marino Winiarsky & Bittens, LLP, New York (Jason M. Frosch of counsel), for appellant.
Warshaw Burstein, LLP, New York (Bruce H. Wiener of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about May 17, 2021, which, to the extent appealed from, granted defendants Maria Nazor and Peter Mickle's motion for leave to renew an order of the same court (Barbara Jaffe, J.), entered October 18, 2018, granting plaintiff's motion for summary judgment on its ejectment claim, and upon renewal, vacated the October 2018 ejectment order, unanimously affirmed, without costs.
The court providently exercised its discretion in granting defendants leave to renew and, upon renewal, vacated the October 2018 ejectment order based on the 2019 changes to the Loft Law (see CPLR 2221 [e] [2]; Multiple Dwelling Law § 281 [6], as added by L 2019, ch 41, § 2). The original answer with counterclaims raised the applicability of the Loft Law as a defense. This Court's prior decision on appeal expressly states that the applicability of the 2019 Loft Law remains an open issue, unaffected by our determination of plaintiffs' rights under the 2010 Loft Law (Matter of Nazor v New York City Loft Bd., 179 AD3d 609, 610 [1st Dept 2020], lv to appeal dismissed in part, denied in part 35 NY3d 1053 [2020]). The underlying motion to vacate the ejectment order made clear the scope of plaintiff's claims under the 2019 Loft Law. Moreover, a separate, pending declaratory action provided defendants with further notice of their defenses. Given the unique procedural context presented here, plaintiffs did not have to seek leave to amend their answer to raise their rights under the 2019 Loft Law.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 4, 2022